IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| Mr. Johnell Sparkman,<br><br>      Plaintiff,<br><br>    v.<br><br>City of Georgetown Police Department, Chief of Police- William Pierce, Deputy Chief- Nelson Brown, Captain- Shannon Burbage, Investigator- Josh Comier, and Sergeant- Blair Cribb,<br>      Defendants. | C/A No.:  2:25-cv-04502-RMG-MHC<br><br>COMPLAINT<br>Jury Trial Requested |

Plaintiff, Johnell Sparkman, by and through his undersigned Counsel, hereby asserts the following Causes of Action for Race Discrimination/Retaliation and Racially Hostile Work Environment in violation of Title VII of the Civil Rights Act of 1964, as amended, against the City of Georgetown Police Department, Chief William Pierce, Deputy Chief-Nelson Brown, Captain Shannon Burbage, Investigator- Josh Comier, and Sergeant- Blair Cribb. The Plaintiff also asserts Breach of Contract against the City of Georgetown Police Department based on the following allegations.

ADMINISTRATIVE CHARGE

The Plaintiff has exhausted all administrative remedies and prerequisites prior to filing this lawsuit, including timeliness, deferral, and all other jurisdictional requirements necessary for the maintenance of this Action, as described below:

a. Plaintiff timely filed a Charge with the Equal Employment Opportunity Commission ("EEOC") on August 13, 2024.

b. Plaintiff received a Notice of Right to Sue from the EEOC on March 6, 2025.

Plaintiff has timely filed this action within (90) days from the date on which he received his Notice of Right to Sue.

## JURISDICTION AND VENUE

1. The Court has jurisdiction over this action pursuant to 28 U.S.C. Sections 1331 and 1343, and 42 U.S.C. Section 2000e (5), this being a proceeding to enforce rights and remedies secured under Title VII of the Civil Rights Act of 1964, as amended, and other Federal statutes. This Court also has pendant, ancillary, and supplementary jurisdiction over so much of this action as it is based on State law.

2. Venue is proper in the Charleston Division because the Causes of Action arose therein, the acts and practices complained of occurred there, and it is where the Defendants do business and may be found.

## PARTIES

3. Plaintiff is a State of South Carolina citizen and resides in Georgetown, South Carolina.

4. Upon information and belief, the City of Georgetown Police Department, is located in Georgetown, South Carolina, is an agency conducting business and operations in the state of South Carolina, having agents, employees, offices, or properties in Georgetown, South Carolina, within the Judicial District. At all times relevant to this Complaint, Defendant City of Georgetown Police Department by and through its agents, servants, employees, and/or officers. Defendant City of Georgetown Police Department is legally organized and exists under the Code of Laws of the State of South Carolina.

5. Upon information and belief, Defendant William Pierce is a State of South Carolina citizen, residing in Georgetown County.

6. Upon information and belief, Defendant Nelson Brown is a State of South Carolina citizen,

residing in Georgetown County.

7. Upon information and belief, Defendant Shannon Burbage is a State of South Carolina citizen, residing in Georgetown County.

8. Upon information and belief, Defendant Josh Comier is a State of South Carolina citizen, residing in Georgetown County.

9. Upon information and belief, Defendant Blair Cribb is a State of South Carolina citizen, residing in Georgetown County.

STATEMENT OF FACTS

10. Plaintiff is a 52-year-old African American male who was employed with the Defendant City of Georgetown Police Department for almost 25 years beginning on August 2, 1999, until his constructive termination on July 29, 2024. Plaintiff tirelessly advocated for the safety and protection of the City of Georgetown and its citizens.

11. The Plaintiff prided himself on being an exemplary employee and had never received any disciplinary action regarding his performance or interactions with his co-workers, supervisors, or previous department heads until March of 2021 when Plaintiff is promoted to Lieutenant, making Plaintiff the only African American Command Staff working for Defendant City of Georgetown Police Department.

12. The Plaintiff received the promotion of Lieutenant through his many years of hard work, diligence, and dedication to the Defendant City of Georgetown Police Department. However, Plaintiff's promotion was not well received by his fellow Command Staff members.

13. Plaintiff asserts that immediately upon his promotion to Lieutenant, Plaintiff was met with consistent undermining of his supervisory authority and job responsibilities for the sole purpose of frustrating Plaintiff into resigning.

14. In fact, Defendant Chief of Police William Pierce (WM) maintained an "eyes on" policy of using subordinate staff personnel to undermine Plaintiff's daily job responsibilities and directives.

15. The undermining of Plaintiff's authority ranged from changing shift assignments to subordinate employees from the Plaintiff's designation to Caucasian officers' report to duty times and dates being overruled with no notice to Plaintiff by Defendant Chief of Police William Pierce and Defendant Captain Shannon Burbage (WF).

16. Moreover, Caucasian officers did not agree to the lawful commands issued by Plaintiff as Lieutenant in command; they would circumvent Plaintiff's directives and report to Defendant Chief of Police William Pierce to overrule Plaintiff's directives and authority.

17. Plaintiff reported on several occasions that several Caucasian subordinates were disrespecting his authority and violating policy. To Plaintiff's shock and dismay, he was told by Defendant Deputy Chief Nelson Brown that "the City Police Department operated on 'practice and not policy' set by the Department and City Administration."

18. This pattern and practice of undermining Plaintiff's authority created a Racially Hostile Environment, which hindered Plaintiff from carrying out his duties, all designed to frustrate and cause Plaintiff to resign from the Department.

19. The disrespect for Plaintiff's attempt to carry out Departmental and City of Georgetown Human Resource Policies continued into the time period of January 2024 until Plaintiff's constructive termination in July 2024.

20. The actions of Defendants reached a new height on June 26, 2024, when a subordinated officer, Defendant Investigator Josh Comier (WM), verbally assaulted and confronted Plaintiff in a physically threatening manner to the extent that other Sergeants had to

intervene to stop the confrontation.

21. Plaintiff promptly reported the actions of Defendant Investigator Josh Comier directly to Defendant Chief of Police William Pierce in compliance with City Policy regarding Workplace Violence Incidents.

22. To Plaintiff's shock and dismay, Defendant Chief of Police William Pierce, to whom Defendant Comier is an "eye on" confident for, reversed the report of Plaintiff by appointing Defendant Captain Shannon Burbage to investigate the incident along with Defendant Sergeant Blair Cribb, who was subordinate to Plaintiff and a conflicted witness of the incident.

23. To further foster the Racially Hostile Work Environment created by Defendants Pierce, Burbage, Brown, Cribb, and Comier, Defendants Burbage and Cribb concluded that Plaintiff was the aggressor rather than Defendant Comier.

24. As a consequence, Plaintiff was suspended for five days without pay, six months' probation, and was required to attend Anger Management Counseling.

25. In direct animus to Plaintiff, Defendant Chief of Police William Pierce additionally demoted Plaintiff from Lieutenant to the rank of Street Patrol Officer, as he felt the punishment inflicted upon Plaintiff was not severe enough. This action by Defendant Pierce was motivated to force Plaintiff into resigning as he was well aware of Plaintiff's medical restrictions, which were range of motion restrictions that endangered his ability to be alert and drive a patrol car.

26. With no other recourse, Plaintiff was constructively terminated from his position on July 29, 2024, by Defendant City of Georgetown Police Department.

27. Therefore, Plaintiff asserts that his constructive termination was based upon Race,

Retaliation, and Racially Hostile Work Environment, all in violation of Title VII of the Civil Rights Act of 1964 as amended.

## FIRST CAUSE OF ACTION

Race Discrimination, Racially Hostile Work Environment, and Retaliation in violation of Title VII of the Civil Rights Act of 1964, as amended, against Defendant City of Georgetown Police Department, Chief of Police- William Pierce, Deputy Chief- Nelson Brown, Captain- Shannon Burbage, Investigator- Josh Comier, and Sergeant- Blair Cribb

28. Plaintiff reiterates and fully incorporates each and every assertion set forth above as if repeated verbatim herein.

29. Plaintiff is a member of a protected class on the basis of his Race (African American).

30. Plaintiff alleges that Defendant City of Georgetown Police Department, through its agents, Defendants Pierce, Brown, Burbage, Comier, and Cribb, initiated discriminatory practices against Plaintiff based upon his Race, including but not limited to:

    A. Undermining Plaintiff's initiatives and directives through subordinate employees.

    B. Placing Plaintiff in a role after an altercation, initiated by a Caucasian employee, that was in direct contradiction to Plaintiff's medical restrictions, which affected Plaintiff's range of motion, which endangered his ability to be alert and present in his position.

31. Plaintiff was subjected to Race Discrimination, a Racially Hostile Work Environment and Retaliation on the basis of his Race, resulting from racially hostile treatment by Defendants Pierce, Brown, Burbage, Comier and Cribb, which Defendant City of Georgetown Police Department condoned in violation of Title VII of the Civil Rights Act

of 1964, as amended.

32. Defendant City of Georgetown Police Department, by and through its agents, began a pattern and practice of enabling Defendant Chief of Police William Pierce and his subordinates' discrimination towards Plaintiff and disregarding Plaintiff's complaints of racial hostility and insubordination by Defendants Brown, Burbage, and Cribb.

33. Upon information and belief, Plaintiff's Caucasian colleagues of similar title, responsibility, and authority were not forced to be subjected to such racial hostility and insubordination of their directives such as Plaintiff.

34. Furthermore, none of Plaintiff's Caucasian colleagues of similar title, responsibility, and authority were not subjected to such hostile and racial treatment, and Defendant City of Georgetown Police Department made no efforts to protect Plaintiff from such an environment orchestrated by Defendant Chief of Police Willaim Pierce and subordinate workers Defendant Brown, Burbage, Comier and Cribb.

35. Defendant City of Georgetown Police Department was well aware of Plaintiff's concerns following multiple verbal/written complaints by Plaintiff. Moreover, Defendant City of Georgetown Police Department's policies and procedures, for which Plaintiff relied, provided assurances that Plaintiff's complaints would be addressed. However, Defendant City of Georgetown Police Department failed to follow through on those promises in any substantive or meaningful way. In fact, the Defendant, City of Georgetown Police Department, breached its own policies and procedures through its Handbook.

36. Further, Plaintiff alleges that Defendant City of Georgetown Police Department, through its agents, Pierce, Brown, Burbage, Comier, and Cribb, initiated discriminatory and hostile practices against Plaintiff that were reckless and wanton, including:

    a. Continuing to permit Defendant Chief of Police William Pierce's deliberate undermining of Plaintiff's authority with the assistance of Defendants Brown, Burbage, Comier, and Cribb.

    b. Continuing to allow the Defendants' racially hostile, insubordinate, and egregious practices while Plaintiff's similarly situated Caucasian colleagues were exempt from such treatment.

    c. Failing to address Plaintiff's complaints about the racially hostile work environment and discrimination inflicted upon Plaintiff.

37. By knowingly allowing such blatant and pervasive racial hostility and discrimination to exist, Defendant City of Georgetown Police Department effectively condoned the same; and Plaintiff's job performance and effectiveness were negatively impacted as a consequence.

38. Further, Defendant City of Georgetown Police Department, by and through Defendants Pierce, Brown, Burbage, Comier, and Cribb, retaliated against Plaintiff for complaining to his chain of command about such racially discriminatory hostility, via its discriminatory and racially adverse treatment of Plaintiff. Moreover, Defendants' retaliatory conduct towards Plaintiff occurred and/or intensified in a close temporal proximity to Plaintiff's initial complaint.

39. But for Defendant City of Georgetown Police Department's conduct, by and through Defendants Pierce, Brown, Burbage, Comier, and Cribb, Plaintiff would not have been forced to endure Race Discrimination, a Racially Hostile Work Environment, Retaliation, and constructive termination.

40. By failing to protect Plaintiff from the Defendants' racially motivated hostility and

retaliation, Defendant City of Georgetown Police Department acted with malice and recklessness indifference to Plaintiff's federally protected rights set out under Title VII of the Civil Rights Act of 1964, as amended (42 U.S.C §2000, et seq.), the South Carolina Human Affairs Law, and the United States Equal Employment Opportunity Laws.

41. As a result of Defendants' racially discriminatory conduct, accompanied by Plaintiff's continuous and ongoing exposure to the same, Plaintiff has suffered damages in the form of actual, compensatory, consequential, physical, mental, emotional, and other damages. Plaintiff further believes he should be awarded actual damages and punitive damages against Defendants due to their unlawful discriminatory treatment of Plaintiff under Title VII.

## SECOND CAUSE OF ACTION
*Breach of Contract as to Defendant City of Georgetown Police Department*

42. Plaintiff reiterates each and every allegation in the previous paragraphs as if set forth verbatim herein.

43. Plaintiff and Defendant entered into a binding and legal contract for employment with the City of Georgetown Police Department beginning August 2, 1999. The Plaintiff was later promoted to Lieutenant in March of 2021. The Plaintiff accepted the offer of employment and agreed to fulfill the duties of his position in exchange for valuable consideration, his salary, and the Defendant's guarantee that he would be protected from racial discrimination, retaliation, and a racially hostile work environment.

44. Defendant maintained an employment Handbook and mandatory policies and procedures that included the Plaintiff's job description, which set out conditions under which the Plaintiff performed in an exemplary manner.

45. Plaintiff continuously and diligently worked for Defendant for almost 25 years and

always put the needs and concerns of the City of Georgetown Police Department and the citizens of Georgetown first during his employment as Lieutenant.

46. At all times during his employment, Plaintiff relied on the promises contained in Defendant's Handbook, policies, procedures, and governing documents.

47. Defendant breached its employment contract with Plaintiff by failing to protect Plaintiff from Race Discrimination, Retaliation, and a Racially Hostile Work Environment at the hands of Defendants Pierce, Brown, Burbage, Comier, and Cribb. Defendant further breached its employment contract with Plaintiff on June 26, 2024, when the race discrimination and racially hostile work environment that Plaintiff had to endure reached a new height when Defendant Comier verbally assaulted Plaintiff and confronted Plaintiff in a threatening manner that resulted in Plaintiff being severely reprimanded by Defendant Pierce while Defendant Comier was not reprimanded at all.

48. Defendant Pierce conducted a biased investigation by appointing a subordinate, Blair Cribb, who had a conflict of interest due to prior knowledge of the situation involving Defendant Comier, as communicated by Plaintiff before the investigation began. Defendant Pierce also assigned Defendant Captain Burbage to the investigation. Following the inquiry conducted by Defendants Cribb and Burbage, Plaintiff was unjustly depicted as the aggressor in the altercation with Defendant Comier and subsequently subjected to harsh disciplinary actions by Defendant Pierce.

49. Defendant City of Georgetown Police Department failed to protect Plaintiff from such a pervasive and severe racially hostile work environment and discrimination.

50. The Plaintiff relied on the Defendant, the City of Georgetown Police Department, reassurances that it would act in accordance with its expressed and implied policies and

procedures regarding workplace conduct, anti-discrimination, the investigation of reported violations, harassment, and other workplace policies and procedures.

51. However, the Defendant, City of Georgetown Police Department, unjustifiably failed to perform its contractual duties by racially discriminating against the Plaintiff, racially harassing the Plaintiff, failing to protect the Plaintiff from retaliatory actions by its agents, and ultimately retaliating against the Plaintiff due to the Plaintiff's protected complaints as stated more fully above.

52. Defendant City of Georgetown Police Department also failed to fully and completely investigate Plaintiff's protected complaints in accordance with its own policies regarding standards, despite Plaintiff's multiple reports of violations of the same.

53. All of these actions breach the contractual anti-discrimination provisions with Defendant City of Georgetown Police Department's Handbook (contract), its anti-discrimination and anti-harassment policies, workplace conduct policy, and other contractual policies and procedures.

54. Further, the Defendant City of Georgetown Police Department breached its contractual policies and procedures by failing to treat Plaintiff equally to its Caucasian employees as stated more fully above.

55. Defendant City of Georgetown Police Department, and its agents, had a responsibility to ensure that Plaintiff would not be subjected to Race Discrimination, Retaliation, and a Racially Hostile Work Environment.

56. Instead, Defendant City of Georgetown Police Department permitted its agents to not only discriminate against Plaintiff but allowed them to retaliate against Plaintiff when he properly submitted complaints through its chain of command, as instructed in its own

written policies and procedures. Moreover, Defendant City of Georgetown Police Department then failed to treat Plaintiff similarly to his Caucasian counterparts, all in violation of the contractual guarantees provided to Plaintiff by Defendant City of Georgetown Police Department in its Handbook and other contractual documents.

57. As a result of the Defendant City of Georgetown Police Department's breach of contract, the Plaintiff has suffered actual, compensatory, physical, mental, emotional, and consequential damages stemming from the breach and other such damages as are allowed by law.

## JURY TRIAL REQUESTED

1. Plaintiff requests a jury trial.

## PRAYER FOR RELIEF

2. **WHEREFORE**, Plaintiff prays that this Honorable Court declares that the Defendants City of Georgetown Police Department, Chief- William Pierce, Deputy Chief- Nelson Brown, Captain- Shannon Burbage, Investigator- Josh Comier, Sergeant- Blair Cribb's actions complained of herein violated the rights guaranteed to Plaintiff and issue its judgment:

   a. Declaring the actions complained of herein illegal;

   b. In favor of Plaintiff and against the Individual Defendants for all causes of action herein alleged in an amount which is fair, just, and reasonable, and for actual, compensatory, special, and punitive damages;

   c. In favor of Plaintiff and against the Defendants for all causes of action in an amount which is fair, just and reasonable;

   d. Issuing an injunction enjoining Defendants, their Agents, Employees, Successors, Attorneys and those acting in concert or participation with Defendants, and at their

direction from engaging in the unlawful practices set forth herein and any other employment practices shown to be in violation of Title VII of the Civil Rights Act of 1964, as amended (Race Discrimination/ Racially Hostile Work Environment/ Retaliation), Breach of Contract and the common laws of the State of South Carolina;

e. Awarding Plaintiff actual and compensatory damages for each Cause of Action contained herein as appropriate, which the jury should find appropriate as a result of Defendants' unlawful discriminatory actions taken as a result of Plaintiff's Race and other pled causes of action, including: physical and mental anguish, pain and suffering, harm to Plaintiff's economic opportunities (present and future), any back pay, front pay and future earnings with cost of living adjustments, prejudgment interest, fringe benefits and retirement benefits;

f. Awarding Plaintiff his costs and expenses in this action, including reasonable Attorney's fees, and other litigation expenses; and

g. Granting such other and further relief as may be just and necessary to afford complete relief to the Plaintiff as this Court may deem just and proper.

Respectfully Submitted,

_____s/Donald Gist_____
Donald Gist (13098)
**GIST LAW FIRM, P.A.**
4400 North Main Street
Columbia, South Carolina 29203
Tel. (803) 771-8007
Fax (803) 771-0063
Email: dtommygist@yahoo.com

***Attorney for Plaintiff***

May 23, 2025